32 C.C.P.A. (Patents)

Application of ANDERSON.

Patent Appeal No. 5013.

Court of Customs and Patent Appeals.
April 9, 1945.

Harold T. Stowell, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner finally rejecting all of the claims, 6, 7, 9 and 10, of an application for a patent alleging new and useful improvements in Gas Cleaning Apparatus.

Claim 6 is illustrative of the subject matter and reads as follows:

"6. Apparatus for separating suspended material from a stream of gas at a relatively high pressure, comprising a cylindrical outer shell having relatively thick walls adapted to withstand an internal pressure materially above surrounding atmospheric pressure, said shell having gas inlet and outlet and material discharge openings; upper and lower partitions spaced from each other and dividing the interior of said shell into a gas outlet compartment in the upper part of the shell, a separate material collecting compartment in the lower part of the shell, and an intermediate gas inlet compartment separate from both the other compartments, the compartments communicating respectively with the gas outlet, material discharge, and gas inlet openings in the shell; and a plurality of tubular centrifugal material separating units entirely within the shell and suspended from the partitions, all said units having gas inlet means at their upper ends communicating with the gas inlet compartment and material discharge means at their lower ends communicating with the material collecting compartment, and all the units having gas outlet means at their upper ends communicating with the gas outlet compartment, the partitions and separating units being so arranged that all compartments and the spaces inside and outside the separating units are subjected to the high pressure of the gas stream."

Claims 6, 9 and 10 were rejected as unpatentable over the British patent to Higginbottom, 2,117, January 26, 1897. Claim 7 was rejected as drawn to a non-elected species.

The application relates to an apparatus for separating material such as water, dust or other particles from gas by means of a centrifugal or cyclone separator possessing a plurality of tubular centrifugal units in parallel. The units are encased in a strong-walled cylinder divided by two lateral partitions to form three compartments. The head of the casing is provided with an exit for the cleaned gas passing from the top compartment. Suspended from the top partition are tubes which at their lower ends are provided with vanes in angled position and which extend into long parallel tubes, the lowest portions of which are open-ended inverted cones. Those tubes are further supported by the lower partition of the gas chamber and by a spider near the bottom end thereof, and the foreign matters separated from the gas are discharged by gravity through the cone openings into what is called the waste chamber, and carried off from the bottom thereof by a pipe. In the middle compartment is an opening for the entrance of gas which passes downwardly against the vanes, causing them to rotate, and by centrifugal force driving the foreign materials against the sides of the separation tubes, the cleansed gas going upwardly through the top compartment and exit. The enclosing cylinder

is strong enough so that the gas under high pressure may be circulated through the apparatus, and the interior walls which sustain only the difference in pressure from the gas inlet to its outlet, are relatively thin.

The Higginbottom patent discloses a device for cleansing gases and is of the same general character as that of the application and operates as a cyclone dust collector. The dust-laden current of air is caused to attain a whirling motion and the centrifugal force developed in the dust chambers causes the particles to be separated from the air and by gravity the dust drops into hoppers on the under side of the apparatus, the clean air going upwardly into the atmosphere.

Appellant in his brief states that:

"The 'idea' of the present invention is the conception of providing a multiple centrifugal separator with a *pressure-resistant* outer shell, divided by internal partitions into *three* compartments, so arranged that high pressure gas could be supplied to a plurality of separating units, the suspended material separated, and the cleaned gas withdrawn, all without lowering the pressure of the gas and without putting any pressure strains on either the partitions or the separating units." (Italics quoted.)

The British patent discloses a multiple centrifugal separator and is divided into two internal compartments. The suspended material is separated and the clean air withdrawn. Thus it will be seen that the only differences between the device of the reference and that of the application are that the outer shell of the former is not said to be pressure-resistant, nor is it divided internally into three compartments. The specification of the patent discloses that instead of the discharge tubes going into the outer air a second conduit might, if so desired, be added. This, of course, is a teaching of a third compartment in the device of the patent. Nothing in the patent discloses that high pressure gas could be supplied thereto, but as pointed out in the brief of the Solicitor neither the application nor brief of appellant states that he was the first to attempt to separate particles from air or gas by centrifugal force while holding the air at super-atmospheric pressure. Nor is it argued that the idea of separating particles from gases while under high pressure involves invention.

·It seems clear to us that, if it be desired to keep gas in a container under pressure, the walls would have to be strong enough to withstand such pressure. If a cleaner of the cyclonic type such as is shown in the British patent were to be used with the air under high pressure, certainly it would be obvious to one skilled in the art to strengthen the walls so that the inner walls of the apparatus could not be under strain, because pressure on both sides would be equal.

The decision of the Board of Appeals is affirmed.

Affirmed.